PROVOSTY, J.
(dissenting). The decision of this case must turn, in my humble opinion, upon whether an attachment was effected by the proceedings in Mexico; all else appears to be settled by the decisions cited in intervener’s brief. If there was such attachment, it is bound to be respected by the courts of this state.
I do not consider that under the decisions the fact that the ship was in a foreign port instead of on the high seas at the time the attachment proceedings were taken can make any difference.
The seizure under the attachment was purely Active. IFwas so, doubtless, as much for the ships that were at the time in Mexican ports as for those tnat were abroad. It was effected by the mere service of a notice of seizure upon the owner of the property. Such Active seizures, equivalent in law to actual seizure, are known to our Louisiana law, and may, for all we are ■aware of, be recognized in like manner by •the law of Mexico. The presumption is that it is, for the officers who were charged with the effecting of this important seizure in Mexico — involving millions — must be presumed to have informed themselves as to the proper mode of proceeding; and the only seizure they made of the ships in the Mexican port was this same Active seizure. The only evidence we have of what' the law of Mexico is on that point is that of the lawyers who testified. The majority opinion. in differing with these lawyers, bases itself upon the one statute referred to in the opinion; but this statute is not the whole law of Mexico on the subject of the mode of making seizure in cases of attachment.
Rather than overrule these lawyers, I would reopen the case for further testimony to be taken upon the point of whether under the Mexican law the said Active seizure was equivalent to actual seizure.
I therefore respectfully dissent.